BALTIMORE & OHIO R. R. Co.
(S. S. KRESGE Co.) *v.* UNITED STATES

No. 6195.—Invoices dated Sonneberg, Germany, September 7, 1938, etc.
Certified September 14, 1938, etc.
Entered at Baltimore, Md., October 6, 1938, etc.
Entry No. 1246, etc.

(Decided July 26, 1945)

*Sharretts & Hillis (Edward P. Sharretts* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the respective parties, subject to the approval of the court, that the glass tree ornaments on the invoices covered by the above-entitled appeals to reappraisement, exported from Germany during 1938, and the *per se* unit invoice prices therefor and the market conditions with respect thereto, are the same in all material respects as the glass Christmas tree ornaments, the *per se* unit invoice prices therefor and the market conditions with respect thereto, in the case of *F. W. Woolworth Co. et al.* v. *United States,* Reap. Dec. 5094, wherein it was held:

That the proper dutiable foreign and export values of the Christmas tree ornaments exported subsequent to January 1, 1938, are the invoice unit prices, plus 3½ per centum social assessments, plus packing and cost of cases as invoiced, as defined in section 402 (c) and (d) of the Tariff Act of 1930.

It is further stipulated and agreed that the record in said Reap. Dec. 5094 may be and hereby is incorporated as a part of the record in the instant appeals to reappraisement.

It is further stipulated and agreed that the facts and circumstances relating to the item of 10 per centum commission in the above-entitled cases identified on the recapitulation or summary sheets forming part of the invoices with XX in red ink and the initials C. H. R. in green ink of Examiner Charles H. Ritz, are in all material respects the same as the facts and circumstances relating to the item of 10 per centum commission specified in the invoices relating to glass ornaments, novelties, and figures covered by reappraisements 113038–A, 113040–A, and 113468–A of the F. W. Woolworth Co. and passed upon by the United States Court of Customs and Patent Appeals in *United States* v. *S. S. Kresge Co., B. Shackman & Co., Rice & Co. Corp., Strauss-Eckardt Co., Inc., F. W. Woolworth Co.,* 26 C. C. P. A. 349, 352, wherein the court held that "A purchasing commission, charged for the handling of merchandise, is not a proper part of dutiable value."

It is further stipulated and agreed that on the dates of exportation of the merchandise involved in the instant appeals, identified on the invoices with XX in red ink and the initials C. H. R. in green ink of Examiner Charles H. Ritz, articles such and similar thereto were freely offered for sale and sold to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced, and that there was no higher foreign value.

It is further stipulated and agreed that the record in *United States y. S. S. Kresge Co. et al.,* 26 C. C. P. A. 349, 352, may be and hereby is incorporated as a part of the record in the instant appeals to reappraisement.

The instant appeals are abandoned as to all merchandise other than the aforementioned glass Christmas tree ornaments and the items marked XX in red ink and the initials C. H. R. in green ink of Examiner Charles H. Ritz, and the said reappraisement appeals are hereby submitted for decision on this stipulation.

I therefore find that the proper dutiable foreign and export values of the Christmas tree ornaments in question are the *per se* unit invoice prices, plus 3½ per centum social assessments, plus packing

and cost of cases as invoiced, and plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

I further find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the recapitulation or summary sheets forming part of the invoices by the items marked "XX" in red ink and the initials C. H. R. in green ink of Examiner Charles H. Ritz, and that such values are the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.